**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHONDELL-GREGORY CROCKER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | No. 26cv5012 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Shondell-Gregory Crocker brings this employment discrimination action against Defendant United Parcel Service, Inc. ("UPS"). Plaintiff invokes Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and alleges that UPS discriminated against him because he is Black, male ("not transgender or gay"), and within what he calls the "18-45" age group. D.E. 4 ("Amended Complaint" or "Am. Compl.") at 1–2.

Although Plaintiff labels a single "First Cause of Action," the Court liberally construes the Amended Complaint as asserting four claims: (1) race discrimination under Title VII; (2) sex discrimination under Title VII, including Plaintiff's allegations concerning his status as male and not gay or transgender; (3) a hostile work environment under Title VII; and (4) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), because Title VII itself does not prohibit age discrimination. Am. Compl. at 1–2. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623(a)(1).

Plaintiff filed his original complaint and application to proceed *in forma pauperis* ("IFP") on May 4, 2026, and filed the operative Amended Complaint on May 21, 2026. D.E. 1; D.E. 1-2 ("IFP Application" or "IFP App."); Am. Compl.

Because the IFP Application is materially incomplete, the Court will **DENY** it ***without prejudice***. The Court will nevertheless screen the Amended Complaint now because Section 1915 permits the Court to address the financial application and the merits simultaneously. *Brown v. Sage*, 941 F.3d 655, 659–60 (3d Cir. 2019) (en banc). As explained below, Plaintiff's age discrimination claim will be **DISMISSED *with prejudice***, and his Title VII race, sex, and hostile work environment claims will be **DISMISSED *without prejudice***.

## I. BACKGROUND

Plaintiff alleges that UPS employed him as a package handler at facilities in Secaucus and Bayonne, New Jersey, from June 2022 through August 2025. Am. Compl. at 1. He alleges that UPS discriminated against him because of his race, which he identifies as Black or African American; his sex or gender, which he identifies as male and "not transgender or gay"; and his age, which he describes as "18–45." *Id.*

Plaintiff lists the alleged discriminatory acts as denial of promotions, unequal pay, harassment, unfair discipline, termination, and a hostile work environment. *Id.* at 1–2. He further alleges "oppression of black Americans" by "lite skinned Immigrants (male& female)," and says similarly situated employees who were not Black, not male, outside his stated age group, or transgender or gay received more favorable treatment. *Id.* at 2. Plaintiff alleges that he reported these issues to management or Human Resources, but that UPS did not take adequate action. *Id.*

Plaintiff alleges that he exhausted his administrative remedies and attaches a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") for Charge No. 524-2025-03373. *Id.* at 1, 3. The Amended Complaint describes the notice as dated March 20, 2026, while the attached notice itself states that it was issued on March 12, 2026. *Id.*

The notice advised Plaintiff that any federal suit based on the charge had to be filed within ninety days of his receipt of the notice. *Id.* at 3, 5.

Plaintiff's IFP Application is the five-page AO 239 long form and is signed under penalty of perjury. IFP App. at 1–5. Plaintiff entered zero for several categories of monthly income, including employment and self-employment, but did not provide a total monthly income. *Id.* at 1–2. In the section requesting employment history for the prior two years, Plaintiff did not identify an employer, address, or dates of employment and instead wrote a statement about companies not liking Americans while entering zero under gross monthly pay. *Id.* at 2.

Plaintiff reported zero cash, but did not identify any financial institution, account type, or account balance. IFP App. at 2. He did not provide values for the assets listed on the form and did not identify any dependents who rely on him or a spouse for support. *Id.* at 3. He also did not provide dollar amounts for the requested categories of monthly expenses or a total monthly expense figure. *Id.* at 4–5. On the final page, Plaintiff gave commentary about companies hiring immigrants in response to the form's request for other information explaining why he cannot pay court costs, and he stated that he was thirty-six years old. *Id.* at 5.

## II. LEGAL STANDARD

### A. Proceeding IFP

Under 28 U.S.C. § 1915(a)(1), a court may authorize a litigant to proceed without prepaying fees if the litigant submits a proper affidavit and "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines*, 886 F.2d 598, 601 (3d Cir. 1989). Although Section 1915 refers in part to prisoners, courts apply Section 1915(a)(1) to litigants who are not prisoners as well. *Hickson v. Mauro*, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (collecting cases).

The affidavit must be complete, made in good faith, and provide enough detail for the Court to evaluate the applicant's financial condition. *Atl. Cnty. Cent. Mun. Ct. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). An incomplete financial affidavit does not satisfy Section 1915(a)(1). *Id.*; *Rohn v. Johnston*, 415 F. App'x 353, 354–55 (3d Cir. 2011). Whether to grant IFP status lies within the Court's discretion. *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010).

**B. Screening and Pleading**

Section 1915(e)(2) requires dismissal of a complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court may conduct that screening "at any time," regardless of whether it first grants or denies IFP status, and may evaluate the merits and the IFP application "in either order or even simultaneously." *Brown*, 941 F.3d at 659–60.

The standard under Section 1915(e)(2)(B)(ii) is the same standard that governs a motion under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint must contain enough factual matter, accepted as true, to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts but does not accept legal labels, unsupported conclusions, or speculation as facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Rule 8 separately requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Because Plaintiff proceeds *pro se*, the Court construes his allegations liberally and applies the relevant legal principles even if he has not used the correct label. *Vogt*, 8 F.4th at 185. Liberal construction, however, does not permit the Court to invent facts or a viable legal theory that the pleading does not supply. *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013). When a complaint screened under Section 1915(e)(2)(B)(ii) can be cured by amendment, the Court

generally affords leave to amend unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## III. ANALYSIS

### A. The IFP Application Is Incomplete

The AO 239 form instructs an applicant to complete every question and not to leave blanks, directing the applicant to write "0," "none," or "N/A" when appropriate. IFP App. at 1. Plaintiff did not follow those instructions in several material sections of his application. *Id.* at 1–5.

*First*, although Plaintiff entered zero for several income categories, he left other requested income information and the total monthly income line without a usable dollar amount. IFP App. at 1–2. *Second*, he did not provide the employer name, address, or dates requested in his two-year employment history, and his written response does not supply that financial information. *Id.* at 2. *Third*, although Plaintiff reported zero cash, he provided no bank or financial institution information from which the Court could determine whether he maintains an account or what any account balance is. *Id.* at 2.

*Fourth*, Plaintiff did not state values for the property and other assets listed on the form. IFP App. at 3. *Fifth*, he provided no dollar amounts for rent, utilities, food, transportation, medical costs, insurance, installment payments, or the other categories of monthly expenses, and he supplied no total monthly expense figure. *Id.* at 4–5. *Sixth*, his response to the form's request for any other information explaining inability to pay discusses companies hiring immigrants rather than his financial resources or obligations. *Id.* at 5.

Those omissions are material because the Court cannot determine Plaintiff's actual financial condition, how he meets ordinary living expenses, or whether paying the filing fee would require him to sacrifice life's necessities. *Sinwell v. Shapp*, 536 F.2d 15, 19 n.14 (3d Cir. 1976).

An incomplete affidavit that does not permit that assessment does not satisfy Section 1915(a)(1). *Bey*, 2024 WL 1256450, at *1; *Rohn*, 415 F. App'x at 354–55.

The Court will not guess at omitted dollar amounts or treat marks across blank fields as substitutes for the information the AO 239 form requires. IFP App. at 1–5; *Bey*, 2024 WL 1256450, at *1. The IFP Application will therefore be **DENIED *without prejudice***. *Rohn*, 415 F. App'x at 355. Plaintiff will receive one opportunity within 30 days to submit a complete AO 239 form answering every question with an actual amount, zero, "none," or "N/A," as appropriate, or to pay the $405 filing fee. 28 U.S.C. § 1915(a)(1).

**B. The Amended Complaint Fails to State a Claim**

The denial of IFP status does not prevent the Court from screening the Amended Complaint now because Section 1915 permits simultaneous review of the financial application and the pleading. *Brown*, 941 F.3d at 659–60. Although Plaintiff pleads one nominal "First Cause of Action," the Court addresses separately the four theories presented by his allegations: race discrimination, sex discrimination, hostile work environment, and age discrimination. *Vogt*, 8 F.4th at 185.

*1. Race discrimination under Title VII*

Title VII makes it unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of race. 42 U.S.C. § 2000e-2(a)(1). At the pleading stage, a plaintiff need not establish a prima facie case, but must allege enough facts to raise a reasonable expectation that discovery will reveal evidence that race was a motivating or determinative factor in an adverse employment action. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789–91 (3d Cir. 2016). Conclusory assertions that an employer discriminated because of a protected characteristic are not entitled to a presumption of truth. *Id.* at 790–91.

Plaintiff alleges that he is Black and then lists denial of promotions, unequal pay, harassment, unfair discipline, termination, and hostile work environment as discriminatory acts. Am. Compl. at 1–2. But he does not identify a promotion he sought, what he was paid compared with another employee, the discipline imposed, the circumstances of any termination, the person who made a challenged decision, or a similarly situated comparator whose treatment would support an inference of race discrimination. *Id.* His general assertion that employees who were "not Black" were treated better states the discriminatory conclusion without supplying the historical facts needed to make that conclusion plausible. *Id.* at 2; *Connelly*, 809 F.3d at 790–91.

The allegation concerning "oppression of black Americans" by "lite skinned Immigrants" likewise does not identify who did what to Plaintiff, when the conduct occurred, or how it affected any identified employment decision. Am. Compl. at 2. Without those connecting facts, the Amended Complaint does not raise a reasonable expectation that discovery will reveal that Plaintiff's race motivated an adverse action by UPS. Am. Compl. at 1–2; *Connelly*, 809 F.3d at 789–91. The race discrimination claim will therefore be **DISMISSED *without prejudice*** under Section 1915(e)(2)(B)(ii), with leave to plead specific facts tying a particular employment action to race discrimination.

2. *Sex discrimination under Title VII*

Title VII also bars discrimination against an individual because of sex. 42 U.S.C. § 2000e-2(a)(1). A plaintiff who alleges discrimination as a member of a majority group is not subject to a heightened evidentiary or pleading burden merely because of that status. *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 310–11 (2025). Thus, Plaintiff's allegations that he is male and "not transgender or gay" are evaluated under the ordinary Title VII pleading standard. *Ames*, 605 U.S. at 310–11; *Connelly*, 809 F.3d at 789–91.

Plaintiff alleges that employees who were not male or who identified as transgender or gay were treated more favorably, but he does not identify any such comparator, any decisionmaker, any sex-based statement, or any specific employment decision from which discriminatory motive can reasonably be inferred. Am. Compl. at 1–2. The bare assertion that sex or gender caused the listed employment harms is a legal conclusion, not a factual allegation showing why UPS acted because of Plaintiff's sex. *Id.*; *Connelly*, 809 F.3d at 790–91. The sex discrimination claim will therefore be **DISMISSED *without prejudice*** under Section 1915(e)(2)(B)(ii), with leave to allege concrete facts connecting a specific employment action to sex discrimination.

*3. Hostile work environment under Title VII*

A Title VII hostile work environment claim requires allegations supporting intentional discrimination because of a protected characteristic, discrimination that was severe or pervasive, a detrimental effect on the plaintiff, a detrimental effect on a reasonable person in like circumstances, and a basis for employer liability. *Castleberry v. STI Grp.*, 863 F.3d 259, 263–64 (3d Cir. 2017). Whether conduct is severe or pervasive depends on the totality of the circumstances, including frequency, severity, whether the conduct was threatening or humiliating, and whether it unreasonably interfered with work performance. *Id.* at 264.

Plaintiff uses the labels "harassment" and "hostile work environment," but does not describe any specific harassing statement, incident, speaker, date, frequency, threat, humiliation, or interference with his work. Am. Compl. at 1–2. His broad allegation about "oppression" by "lite skinned Immigrants" does not describe conduct from which the Court can evaluate either discriminatory intent or severity or pervasiveness. *Id.* at 2; *Castleberry*, 863 F.3d at 263–64. Because the pleading supplies the labels but not the facts required to make a hostile work environment plausible, that claim will be **DISMISSED *without prejudice*** under Section 1915(e)(2)(B)(ii).

*4. Age discrimination under the ADEA*

Plaintiff alleges discrimination based on "age (18-45)" and says he was treated less favorably than employees who were not in that age group. Am. Compl. at 1–2. Title VII does not include age among its protected characteristics, so an employment discrimination claim based on age arises, if at all, under the ADEA. 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623(a)(1); *Vogt*, 8 F.4th at 185. The ADEA protects individuals who are at least 40 years old. 29 U.S.C. § 631(a); *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

Plaintiff signed his IFP Application under penalty of perjury on May 4, 2026, and stated that he was 36 years old. IFP App. at 1, 5. The Amended Complaint places his employment with UPS between June 2022 and August 2025, so his own filings establish that he was younger than 40 throughout the alleged employment period. *Id.* at 5; Am. Compl. at 1. Because the ADEA does not protect an employee who was younger than 40 during the alleged discriminatory acts, Plaintiff cannot state an ADEA claim on the facts he has sworn to in this action. 29 U.S.C. § 631(a); *Martinez*, 986 F.3d at 266.

That defect cannot be cured by amendment consistent with Plaintiff's sworn age and the employment dates alleged in the Amended Complaint, so amendment of the age claim would be futile. IFP App. at 5; Am. Compl. at 1; *Grayson*, 293 F.3d at 114. The age discrimination claim will therefore be **DISMISSED** ***with prejudice*** under Section 1915(e)(2)(B)(ii).

## IV. CONCLUSION AND ORDER

For the reasons stated above,

**IT IS** on this **24th** day of August, 2026,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-2, is **DENIED *without prejudice***; and it is further

**ORDERED** that Plaintiff's age discrimination claim is **DISMISSED *with prejudice*** under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff's Title VII race discrimination, sex discrimination, and hostile work environment claims are **DISMISSED *without prejudice*** under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action; and it is further

**ORDERED** that within **30 days** of entry of this Order, Plaintiff may seek to reopen this matter by submitting both: (a) an amended complaint that complies with this Order; and (b) either a fully completed AO 239 application that answers every question and accurately states all requested amounts, or the full $405 filing fee; and it is further

**ORDERED** that the Clerk shall mail Plaintiff a copy of this Memorandum Order and a blank AO 239 form by regular mail; and it is finally

**ORDERED** that upon Plaintiff's timely submission of both an amended complaint that complies with this Order and either a fully completed AO 239 application or the full $405 filing fee, the Clerk shall **REOPEN** this action for further review.

Evelyn Padin, U.S.D.J.